IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 16-549 |
| PAUL A. ELLIS, JR., | ) ) ) |
| Defendant. | ) ) |

### **O R D E R**

AND NOW, this 12th day of April, 2017, in consideration of Defendant Paul A. Ellis, Jr.'s Motion to Dismiss Amended Complaint or for a More Definite Statement (Doc. No. 8) and memorandum in support thereof, filed in the above-captioned matter on August 30, 2016, and in further consideration of Plaintiff United States of America's memorandum in response thereto (Doc. No. 10), filed in the above-captioned matter on September 29, 2016,

IT IS HEREBY ORDERED that, for the reasons set forth herein, Defendant's Motion is DENIED. IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 12(a)(4), that Defendant shall serve and file his answer to the Amended Complaint no later than April 26, 2017.

**I. Background**

Plaintiff seeks here to collect on a student loan debt allegedly incurred by Defendant and owed to Plaintiff. The Amended Complaint and attached promissory note and Certificate of Indebtedness ("Certificate") contend that Defendant executed a promissory note to secure a student loan, and that Defendant defaulted on his obligation and is now indebted to Plaintiff as reinsurer of the loan in the principal amount of $290,760.05 ($149,348.12 principal and

1

$141,411.93 interest accrued through April 5, 2016). (Doc. Nos. 5, 5-1, 5-2). Notably, the Certificate was signed under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), by a loan analyst for the United States Department of Education. (Doc. No. 5-1, at 2).

More specifically, according to the Certificate, Defendant executed the promissory note in order to secure a Federal Family Education Loan Program Consolidation loan from AES/PHEAA ("the holder"). The Certificate further provides that the loan obligation was guaranteed by the Pennsylvania Higher Education Assistance Agency ("PHEAA") and reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (34 C.F.R. pt. 682). The Certificate also indicates that when Defendant defaulted on his obligation, the holder filed a claim on the loan guarantee, and the guaranty agency, PHEAA, paid the claim. Additionally, according to the Certificate, PHEAA was then reimbursed for that claim payment by the Department of Education under its reinsurance agreement, and PHEAA later assigned its right and title to that loan to the Department of Education.

Before the Court is Defendant's Motion to Dismiss Amended Complaint or for a More Definite Statement.

## II. Legal Analysis

### A. Lack of Jurisdiction

First, Defendant contends that the Court lacks jurisdiction over this action because Plaintiff, as assignee of the promissory note, possesses only the rights of the original lender and thus may not bring suit in federal court since the original assignor could not have done so. In support of his claim, Defendant relies on the general principle that an assignee stands in the

shoes of the assignor. Defendant fails to acknowledge, however, the existence of federal statutes that govern student loans such as those which Defendant received.

In fact, this Court has rejected this exact argument set forth by Defendant, as have other courts that have considered similar contentions. As in the present case, <u>United States v. Deuerling</u> involved an action for a judgment on defaulted student loans reinsured by the Department of Education. <u>See</u> No. 14-642, 2015 WL 3442029 (W.D. Pa. May 28, 2015). Like Defendant here, the defendant in <u>Deuerling</u> also argued that the Court lacked jurisdiction over her case because the original assignor of the loans could not have filed suit in federal court. <u>See id.</u> at *1.

As this Court explained in <u>Deuerling</u>, "[p]ursuant to the Higher Education Act, 20 U.S.C. § 1070 <u>et seq.</u>, commercial lenders may provide educational loans to students, and a guaranty agency bears the risk of default." <u>Id.</u> at *2; <u>see also</u> <u>United States v. Norcross</u>, No. 8-37, 2008 WL 4360877, at *1 (D. Mont. Sept. 23, 2008) (holding the same). In fact, the Certificate in this case specifically notes that, "[p]ursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal." (Doc. No. 5-1, at 2). "The federal government as reinsurer then bears the guarantor's risk, and if the federal government must fulfill its obligation to pay the guarantor, the student is indebted to the federal government." <u>Deuerling</u>, 2015 WL 3442029, at *2 (citing 20 U.S.C. § 1078(c)(8)); <u>see</u> <u>United States v. Norcross</u>, 2008 WL 4360877, at *1; <u>United States v. Dold</u>, 462 F. Supp. 801, 804 (D.S.D. 1978). Moreover, 20 U.S.C. § 1080(b) clearly states that, upon payment of such claim, "the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured

loan by the insurance beneficiary." Finally, 28 U.S.C. § 1345 provides that federal district courts have jurisdiction over civil actions commenced by the United States, as is clearly the case here.

Therefore, according to the Amended Complaint and attached Certificate, Plaintiff was subrogated for the rights of the holder of the obligation as a result of its payment to the guaranty agency, and Plaintiff then properly initiated its collection action in this Court. Accordingly, Defendant's first argument, that this Court lacks jurisdiction to hear Plaintiff's claim, pursuant to Federal Rule of Civil Procedure 12(b)(1), is without merit.

### B. Failure to State a Claim upon Which Relief Can Be Granted

Next, Defendant argues that, because Plaintiff's Amended Complaint fails to allege consideration, one of the terms of the contract at issue, Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and . . . this standard does not require 'detailed factual allegations.'" Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555 (additional internal citation omitted)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

Rule 8, however, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Therefore, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In this case, Defendant claims that Plaintiff alleges no consideration since the Amended Complaint does not contend that Defendant received the funds at issue or that a school provided services. Once again, when this identical argument was raised by the defendant in Deuerling, it was rejected by this Court. See 2015 WL 3442029, at *4. In the case at bar, according to the Amended Complaint and attached documents, Defendant applied for an educational consolidation loan, the funds were disbursed in designated amounts on a certain date, and Plaintiff later reimbursed the guarantor of those loans for claims it paid upon Defendant's default. In such a situation, it is clear that Plaintiff has sufficiently alleged consideration. See id.; see also United States v. Davis, 817 F. Supp. 926, 928 (M.D. Ala. 1993) (rejecting a similar argument where a student asserted that the government could not collect on a debt due to lack of consideration because the school either did not provide any educational services or those services were inadequate, when the student had applied for, and had received, a student loan through her school).

As this Court pointed out in Deuerling, to establish a prima facie case to collect on a promissory note, Plaintiff need only produce the relevant promissory note and certificate of indebtedness signed under penalty of perjury by a loan analyst.  See 2015 WL 3442029, at *4; United States v. Davis, 28 Fed. Appx. 502, 503 (6th Cir. 2002); Guillermety v. Sec'y of Educ., 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003).  "The defendant then has the burden of proving the nonexistence, extinguishment, or variance in payment of the obligation."  Deuerling, 2015 WL 3442029, at *4; see United States v. Davis, 28 Fed. Appx. at 503; Guillermety v. Sec'y of Educ., 341 F. Supp. 2d at 688.  In this case, Plaintiff has attached to the Amended Complaint the relevant promissory note and certificate of indebtedness, which has been properly signed under penalty of perjury by a loan analyst.  The Court thus finds that the Amended Complaint sufficiently alleges consideration and, accordingly, that Defendant's contention that Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), is meritless.[1]

### C. Failure to Join Indispensable Parties

Lastly, Defendant claims that Plaintiff has failed to join indispensable parties to this action, pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.  Specifically, Defendant argues that the holder and PHEAA are necessary parties because Defendant has provided no evidence of the assignments or guarantees between them, which could expose him to multiple obligations if a judgment is rendered in this case without those entities' involvement.  This argument, too, which was raised by the defendant in Deuerling, was previously rejected by this Court.

---

[1] Defendant also requests, as an alternative to dismissing the case for failure to state a claim upon which relief may be granted, that the Court order Plaintiff to file a more definite statement.  Because the Court finds that Plaintiff has not failed to allege consideration, and thus has not failed to state a claim upon which relief may be granted, Defendant's request that Plaintiff be ordered to file a more definite statement is likewise denied.

Rule 19 provides, in relevant part, that a party must be joined if feasible if they are subject to service of process and their joinder will not deprive the court of subject matter jurisdiction, and if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). If the party is deemed necessary, but joinder is not feasible, then the Court must proceed to determine whether the party is indispensable pursuant to Rule 19(b). See Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 706 (3d Cir. 1996).

According to the Certificate, in the course of reimbursement made upon Defendant's default, the Department of Education paid PHEAA on its claim and was assigned its right and title to the relevant promissory note. Therefore, Plaintiff is the only party to whom Defendant is obligated for his debt. See Deuerling, 2015 WL 3442029, at *3; United States v. Olavarrieta, 632 F. Supp. 895, 899 (S.D. Fla. 1986) ("Once the defaulted loan is paid, the government, as guarantor, is the party [the defendant] must deal with, not the University or the bank."). The other entities identified by Defendant have no role in this action. In fact, the Certificate specifically provides that once PHEAA paid the holder on the default claim, the amount paid became due to it as guarantor, and that when PHEAA attempted to collect that debt from Defendant, it was unable to collect the full amount due and assigned its right and title to the loan to the Department of Education. Therefore, according to the Certificate itself, the Department of Education is the only entity that may sue on the indebtedness. See Deuerling, 2015 WL 3442029, at *3; see also United States v. Keathley, No. 11-107, 2011 WL 2600552, at *3 (S.D. Tex. June 29, 2011) (holding, in a similar situation, that the Department of Education was the

only entity entitled to sue on indebtedness); United States v. Dold, 462 F. Supp. at 805 (holding that the original lender bank was clearly not an indispensable party where it had received payment from the United States for a defaulted student loan).

Accordingly, the Court disagrees with Defendant's assertion that he will be exposed to multiple liabilities if the holder and PHEAA are not joined as plaintiffs. Furthermore, because these entities are not necessary parties to this litigation, the Court need not proceed to determine whether they are indispensable pursuant to Rule 19. The Court thus finds Defendant's allegation that Plaintiff has failed to join indispensable parties, pursuant to Rules 12(b)(7) and 19, to be without merit.[2]

### III. Conclusion

For the reasons stated, the Court finds no merit to Defendant's arguments. Accordingly, Defendant's Motion is denied.

s/ Alan N. Bloch
Alan N. Bloch
United States District Judge

cc: Counsel of Record

Paul A. Ellis, Jr.
1621 Bedford Avenue
Pittsburgh, PA 15219-3603

---

[2] The Court notes that, if Defendant wishes to challenge the authenticity of the promissory note, such a claim may be pursued in the course of litigation, but is not appropriate at this time when considering Defendant's Motion to Dismiss. See United States v. Zotter, No. 11-0002, 2011 WL 5828930, at *2 (Nov. 18, 2011).